D. Ormonde Ritchie, J.
In this proceeding, brought pursuant to article 78 of the Civil Practice Act, petitioner seeks an order annulling an amendment to the zoning ordinance of the Town of Islip adopted by respondents regulating house trailer parks; annulling a determination made by respondents denying petitioner’s application for a permit to operate a house trailer park, and directing issuance of the permit.
Petitioner’s application was filed on November 18, 1957. On December 4, 1957 respondents caused to be published notice of a public hearing to be held on December 17, 1957 to consider an amendment to the zoning ordinance regulating operation of house trailer parks, the purpose of which was to materially increase the minimum area and front footage requirement for each lot in a proposed trailer camp park. On January 9, 1958 respondents adopted the amendment. A hearing on petitioner’s application was held on January 30, 1958, and on March 6, 1958 a resolution was adopted denying the application. It is apparent that the application was denied for a failure of the application to meet the requirements of the zoning ordinance as amended on January 9,1958.
Petitioner challenges the validity of the amendment on the ground that as adopted it materially varied from the amendment proposed to be adopted as set forth in the notice of public hearing thereon dated November 19, 1957; that the procedure followed in adopting the amendment is violative of the statutory requirements of the Town Law in that the notice of public hearing failed to contain the words “ and Related Statutes ”; and that an existing zoning ordinance may only be amended by another ordinance. It is the further contention of petitioner that the requirements of the zoning ordinance in effect at the time of filing an application establish a right in petitioner to a permit and that an amendment thereto adopted subsequent to the filing of the application is inoperative insofar as such application is concerned.
*828 The contentions of petitioner are without merit. The material variation complained of is an enlargement of the time of occupancy of a trailer from 90 days (as published in the notice) to 180 days (as contained in the amendment) before the trailers be considered a dwelling and subject to conformity with the building code and zoning ordinance of the Township of Islip. Such enlargement does not affect the application herein or detract from the rights of those in occupancy of trailers or those in operation of trailer camps. It rather enlarges those rights and therefore cannot be construed as a material variation requiring annulment of the ordinance as incursive of the rights of those affected thereby. Petitioner’s contention that the amendment to the ordinance adopted January 9, 1958 is invalid because the notice of public hearing thereon failed to contain the words “ and Related Statutes ” is wholly without merit as is the contention that the amendment was not effected by ordinance.
There is left for disposition petitioner’s claim that a permit must issue if the application therefor meets with the requirements of the ordinance in effect on the date of the submission of the application and that a denial thereof, based upon a failure to meet the requirements of an amending ordinance subsequently adopted, is arbitrary, capricious and unreasonable.
Application for a permit made prior to the date of the adoption of an amendment to the zoning ordinance prohibiting or restricting a use permitted on the date of making the application does not vest the applicant with a right to the issuance of a permit for the use allowed prior to the amendment or restriction. The law is now well settled that even the issuance of a permit does not vest the holder with a right to a use permitted at the time of issuance and thereafter prohibited by amendment of the ordinance unless the permit was unlawfully withheld or unreasonably delayed in issuance so as to permit adoption of the prohibiting amendment. A vested right may be acquired by a permittee where construction has progressed substantially or where such extensive expenditures have been made that to prohibit the use under the permit would inflict an irreparable harm to the permittee. None of these factors is present herein. The amendment to the ordinance was in procedure at the time the application was made and, since the permit was not issued, it must be inferred that no construction was commenced. For the reasons stated the petition is dismissed on the merits.
In light of the determination herein, it is not necessary to dispose of respondents’ motion directed to the petition. In passing, however, it may be stated that the motion was not *829 timely made. A motion to make a pleading more definite and certain (in this case the petition) must be served within 20 days from the service of the pleading to which the motion is addressed. Here 20 days have long since expired since the service of the petition. Furthermore, this motion, if timely made, must be made before answering or replying or moving to dismiss the pleading. From the papers it appears that respondents have answered before the motion was made. Thus, respondents have waived their right to direct a motion thereto pursuant to rule 102 of the Rules of Civil Practice and by answering have elected to take the pleading as formulated. Accordingly, if called upon to determine respondents ’ motion pursuant to rule 102, such motion would of necessity have to be denied.