William T. Cowin, J.
There are two motions here involved. In the first motion, 3 of the 27 defendants in an action to foreclose a consolidated second mortgage on real estate, seek to compel plaintiff to serve an amended complaint to include the first mortgagee as a named defendant claiming he is a conditionally necessary party. The second motion made by the same defendants is to require plaintiff to make its complaint more definite and certain on the ground inter alia that said defendants cannot be reasonably required to answer the complaint in its present form.
As to the first motion the court wishes to point out that the terminology “conditionally necessary party” which is found in subdivision 1 of section 193 of the Civil Practice Act has not been carried over into the Civil Practice Law and Rules (eff. Sept. 1, 1963).
Section 1001 thereof, the appropriate section for the instant motion, refers to necessary joinder of parties without regard to any other classification. “ The criteria to be utilized are set forth explicitly in place of the non-informative terminology previously used, — i.e.,1 indispensible ’ and 1 conditionally necessary ’ parties. In fact, the practice remains essentially unchanged and well-reasoned precedents holding parties * necessary ’ are still useful.” (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., § 1001.01.)
Such a well-reasoned precedent is found in Henshel v. Held (13 A D 2d 771) where the Appellate Division, First Department held: “ 1 The guiding principle is whether the absentees have such interest in the subject matter before the court that their interests must necessarily be passed on if the controversy is to be settled, or whether a determination in their absence will nevertheless have the element of finality for the protection of those before the court.’ ”
Applying this guiding principle, the court finds that the first mortgagee is not necessary as a party defendant herein. The rights of all parties presently before the court can be thoroughly adjudicated without bringing in the first mortgagee. Additionally, no existing rights of the first mortgagee herein can be adversely affected by the foreclosure of the second mortgage.
As to the second motion, issue was concededly joined by the service of an answer. In view thereof, the motion is not timely made (City Bank Farmers Trust Co. v. National Cuba Hotel Corp., 133 N. Y. S. 2d 334). Thus, it may be said the stated objections to the complaint have been waived “ and by answering have elected to take the pleading as formulated ” (Matter of Suffolk Pines v. Harwood, 14 Misc 2d 826, 829, affd. 10 A D *474 2d 867). Further clarification, amplification, or definiteness of the complaint can be obtained through a bill of particulars. The motions are accordingly denied.