William G. Easton, J.
This is a motion for an order directing that several persons (named in the notice of motion) be joined in this action as party defendants in accordance with CPLR 1001 upon the grounds that said persons would be affected by a judgment rendered between the parties in this action by reason of the fact that said persons are parties to an agreement between the plaintiff and defendant herein, the nullity of which is sought to be declared in this action.
The plaintiff is one of several stockholders of the defendant corporation and on the face of the stock certificates the following language appears: “See Restriction Against Transfer on Reverse Side”. On the reverse side appears the following: “restriction against transfer. Transfer of the Stock represented by this Certificate is Restricted by the Terms of an Agreement Effective September 1, 1956, a copy of which is on file in the office of the Corporation ”.
The complaint asks, among other things, for a judgment “ declaring that the said restriction * * * either does not exist, or if it does exist, that it is unenforceable and void”. The answer, in part, by way of affirmative defense, alleges that the plaintiff and all other stockholders of the defendant corporation, and the defendant corporation, entered into an agreement which in substance provided that before any stockholder could transfer his or her stock he had to first give a notice in writing to each other stockholder and to the defendant corporation, informing them of the terms of any proposed sale of stock, with a right in the other stockholders or the defendant corporation to purchase the stocks for the same price.
For a court to order that an agreement restricting transfer of stock does not in fact exist certainly would seriously affect the rights of all stockholders who would be in a position to claim otherwise. That such agreement does exist is strongly suggested by the notices in writing both on the face and reverse side of the stock certificates. Furthermore, if such an agree *89 ment does exist, to hold that it is unenforcible and void would also seriously affect all of the holders of the stock. A compulsory joinder of parties is quite appropriate to protect absentees who ought not to be jeopardized by judgments purporting to bind their rights or interests where they have no opportunity to be heard (CPLR 1001).
Memoranda of law have been submitted by both parties, the plaintiff citing and quoting extensively from the case of Commercial Trading Co. v. Little N. Parkway Realty Corp. (41 Misc 2d 472) and the defendant agreeing that this case is in point. That case referred in turn to another decision in Henshel v. Held (13 A D 2d 771) which held “ The guiding point is whether the absentees have such interest in the subject matter before the court that their interests must necessarily be passed on if the controversy is to be settled, or whether a determination in their absence will nevertheless have the element of finality for the protection of those before the court.”
It is the opinion of this court that whether there actually is an agreement or not, and if so, the validity thereof are questions the answers to which will vitally affect the interest of all the stockholders, and hence, they should be represented herein either as defendants individually or as by some stockholder suing in a representative capacity. This motion must be granted.