168 So.2d 766 (1964)
John T. McGEE and Elva M. McGee, Appellants,
v.
CITY OF COCOA, Florida, a municipal corporation, Appellee.
No. 4753.
District Court of Appeal of Florida. Second District.
November 20, 1964.
*767 Stanley Wolfman, of Hartog & Wolfman, Cocoa, for appellants.
George Ritchie, of Cowart & Ritchie, Cocoa, for appellee.
WHITE, Acting Chief Judge.
The plaintiffs appeal an order dismissing with prejudice their complaint to enjoin the defendant city's enforcement of an amendatory zoning ordinance.
It appears that a petition was submitted to the City Council of the City of Cocoa requesting that seven lots be rezoned from R-3 multiple family to C-3 wholesale commercial. The plaintiff-appellants are neighborhood property owners who opposed the petition. The city gave requisite notice to the plaintiffs and other interested persons and two hearings were held to determine the propriety of rezoning the seven lots. The resulting ordinance reduced five of the lots to the lower C-3 classification as requested, but the remaining two lots were reduced only to a C-1 classification which is rated superior to the C-3 classification actually requested.
*768 Plaintiffs then filed their complaint for a temporary and permanent injunction against enforcement of the rezoning, contending that since the city did not reduce all seven of the lots to the contemplated C-3 classification, the ordinance is invalid; that since two of the lots were not reduced all the way down as requested in the petition, their reclassification as C-1 constituted such an "amendment" as would require new notice and hearing. There is no contention that the petition and notice, as filed, did not comply with the applicable city ordinance[1] or statutes. If all seven of the lots had been reduced to the lower C-3 classification the plaintiffs, by the very terms of their complaint, in effect concede that they would have no basis for protesting the procedural formalities.
The city emphasizes, arguendo, that the petitioners requested reduction of all seven lots from R-3 to C-3 and that the city granted the request as to five of the lots and denied it only as to the remaining two lots; that as to those two lots the city rezoned only as low as C-1, and since those lots were classified higher than requested, the modification was less amenable to objection than the zoning requested by the petitioners; that C-3 was the lowest classification that could have been granted at the hearing on the notice given, and that, since the rezoning was clearly within permissible limits, the ordinance was validly enacted and the attending plaintiffs, who had been duly noticed, cannot be heard to complain.
The plaintiffs urge the generally correct proposition that zoning procedures must be strictly followed. They also contend that when several alternative classifications are to be considered, the notice should list each possibility. Plaintiffs cite as their prime case Castle v. McLaughlin, 1959, 106 U.S. App.D.C. 145, 270 F.2d 448. There the District of Columbia published notice that hearing would be held on certain proposed zoning amendments as outlined by a zoning commission map which was incorporated by reference. Pursuant to this notice, the appellants examined the map and found that the city proposed to change the area in question from AR to R-1-B which amounted to a minor upgrading in zoning. The appellants supported that plan and no objection was raised. The zoning commission however later amended the map to downgrade the subject area to an R-3 category. No notice and no hearing was held on this change.
The appellants there were expecting the property to be upgraded according to the notice given  not downgraded. The Federal Court held that the statute required notice and public hearing before an amendment is put into effect and that a hearing held subsequent to its adoption did not suffice. There the appellants were clearly prejudiced by the change in zoning proposals made without notice.
In the instant case the plaintiffs were not prejudiced by any change in classification. Hearing was held on the petition to reduce the zoning to a lower C-3 classification. Plaintiffs objected and at the hearing the city agreed to relieve the strictness of the existing zoning only as far as C-1, which was still more restrictive than that prayed for in the petition. Incidentally the Castle case, supra, recognizes that a minor change in classification may be upheld where the change grew out of matter raised at a duly noticed hearing.
As a general rule the notice must apprise the public of the suggested changes, and the zoning amendment must conform substantially to the proposed changes. Some deviation, however, may be immaterial where the variance is a liberalization of the proposed amendment rather than an enlarged restraint on the property involved. See 101 C.J.S. Zoning § 110. A change may, of course, be "substantial" where an amendment makes a greater or more significant change than that requested. The instant amendment makes a lesser change *769 than that requested and published in the notice of hearing; the plaintiffs were in attendance and, under all the circumstances, the modification was not of such substantial and material nature as to require a new notice. Cf. Kalvaitis v. Village of Port Chester, 1962, Sup., 235 N.Y.S.2d 44.
There is also merit to the defendant's contention that the complaint fails to allege the requisites for injunctive relief. Other than alleging deficient notice, as discussed supra, the complaint displays little more than dissatisfaction with the zoning redesignation. By way of bare conclusion the plaintiffs assert that they have no adequate remedy at law and that they will suffer irreparable harm unless the defendant is enjoined from enforcing said zoning ordinance. In the alternative they pray that the ordinance be declared unconstitutional and void. Normally where a litigant is dissatisfied with an administrative zoning ruling, he must first resort to the administrative procedures provided by statute. See Union Trust Company v. Lucas, Fla. App. 1960, 125 So.2d 582, Chapter 176, Fla. Stat., F.S.A. The instant case, however, concerns "rezoning" which, being a legislative function, is not a proper subject for administrative adjustment. Village of Pembroke Pines v. Zitreen, Fla.App. 1962, 143 So.2d 660, 662; cf. Mayflower Property Inc. v. City of Fort Lauderdale, Fla. App. 1962, 137 So.2d 849.
Although equitable remedy is always available in proper situations, a party attacking the validity of a zoning ordinance has the heavy burden of alleging and then proving invalidity. Village of Virginia Gardens v. Johnson, Fla.App. 1962, 143 So.2d 692; Gautier v. Town of Jupiter Island, Fla.App. 1962, 142 So.2d 321. It must be borne in mind that vested rights in a particular zoning ordinance do not accrue to neighboring owners. Oka v. Cole, Fla. 1962, 145 So.2d 233, 235. Accordingly a party challenging an ordinance which rezones neighboring property must allege something more than bare opinions or conclusions.
We are impelled to the view that the complaint in question does not aver any material violation of substantive right. It does not allege that the plaintiffs are sustaining or will sustain any special or irreparable damage or any harm differing in kind, rather than degree, from that inuring to the community at large, or that for any reason they are entitled to injunctive relief. See e.g. Conrad v. Jackson, Fla. 1958, 107 So.2d 369; 35 Fla.Jur. Zoning, Section 28, 17 Fla.Jur. Injunctions, Section 76 and cases therein cited. In short, it cannot be gleaned from this complaint, assuming the truth of all its well-pleaded allegations, that the plaintiffs have suffered prejudice with respect to any legal right. Moreover the complaint reveals affirmatively, as a matter of law, that in this context the plaintiffs have no cause of action against the city.
Affirmed.
ANDREWS, J., and DRIVER, B.J., Associate Judge, concur.
NOTES
[1] Ordinance of City of Cocoa, No. 1478.