HENDRY, Judge.
This is an appeal by the plaintiffs below from a final judgment rendered in favor of the defendants, M. A. Grondin and the City of North Miami.
In March of 1966, the City of North Miami annexed certain property known as the S. L. S. Shopping Center subdivision of Dade County. The subject property was at that time and is presently owned by the defendant, M. A. Grondin, both as trustee *6 for undisclosed principals and in his individual capacity. At the time of the purchase and prior to its annexation, the property was zoned according to county regulations as follows: Tract A was zoned BU-1A, liberal business; Lot 1 was zoned R-U-3, multiple family residence; and Lots 2, 3 and 4 were zoned RU-1, single family residence. Subsequent to the annexation of the subject property, Grondin applied to the Zoning Board of the defendant city for the adoption of zoning classifications as illustrated on the accompanying graphic -representation. Under the City of North Miami’s *7 zoning classification system, 2B is liberal business and P-1 is parking only. The Zoning Board having recommended adoption of the proposed classifications, notices of hearing were sent to all landowners within 500 feet of the S. L. S. Shopping Center tract, and the matter was set before the City Commission. The Commission met upon two separate occasions to consider the matter. On January 14, 1967, it unanimously passed Ordinance No. 380.271 establishing a zoning classification of 1B1, i. e., multiple family residence, as to lots 1, 2, 3 and 4 of the subject property. Subsequently, on February 14, 1967, the Commission, again by unanimous vote, passed Ordinance No. 380.272 providing for a zoning classification of 2A, i. e., neighborhood business, as to Tract A of the S. L. S. Shopping Center property.

*6

*7 Appellants, who were plaintiffs below, are members of that class of persons owning property within 500 feet of the shopping center subdivision boundary. On February 16, 1967, these plaintiffs filed a complaint in Circuit Court seeking to have Ordinances No. 380.271 and 380.272 declared invalid, as well as certain injunctive relief. 'Issue was joined upon the answers of both Grondin and the City of North Miami, and the cause ultimately came on for final hearing. Having heard the testimony and examined the evidence, the chancellor entered the order appealed which contained the following specific finding:
“ * * * the Court finds that the acts complained of by the Plaintiffs; to wit: the zoning by the City of North Miami of Tract A to the zoning classification of 2-A (Neighborhood business) and Lots 1, 2, 3 and 4 to 1B1 (Multiple family) all of said property being located in S. L. S. Shopping Center * * * were proper and within the proper authority of the City of North Miami as granted by its Charter and by the appropriate Florida Statutes * * * ”
From an order dismissing the cause with prejudice and taxing costs against them, plaintiffs prosecute this appeal.
Appellants’ initial point on appeal challenges the adequacy of the notice of hearing. Section 176.05, Fla.Stat., F.S.A., and section 29-10.5, Municipal Code of the City of North Miami, require that notice of hearing on proposed zoning classifications be given at least fifteen days in advance of such hearing. This notice is required regardless of whether the classification is to be established initially or merely changed from one to another. There is no contention raised that the notice was not timely. Rather, appellants argue, the actions of the Commission fail to conform to the notice provision as to the action contemplated. In other words, appellants claim that the notice informs them of a proposed change from RU-1, using the example of lots 2, 3 and 4 of the subject property, to P-1, whereas the actions of the Commission resulted in the property being classified 1B1, which change is totally different from the one they were notified might take place.
It is true that the notice must adequately inform as to what changes are proposed, and the actual change must conform substantially to the proposed changes in the notice. McGee v. City of Cocoa, Fla.App.1964, 168 So.2d 766. There must, however, be some realistic latitude in the application of this rule. The opinion in the McGee case, supra, states:
“As a general rule the notice must apprise the public of the suggested changes, and the zoning amendment must conform substantially to the proposed changes. Some deviation, however, may be immaterial where the variance is a liberalization of the proposed amendment rather than an enlarged restraint on the property involved. See 101 C.J.S. Zoning § 110. A change may, of course, be ‘substantial’ where an amendment makes a greater or more significant change than *8 that requested. The instant amendment makes a lesser change than that requested and published in the notice of hearing; the plaintiffs were in attendance and, under all the circumstances, the modification was not of such substantial and material nature as to require a new notice. Cf. Kalvaitis v. Village of Port Chester, 1962, Sup., 235 N.Y.S.2d 44.”
So, in the case here before us, we see that Tract A of the subject property, formerly zoned for liberal business purposes, was to be zoned partly business and partly parking under the notice of proposed changes. Tract A was ultimately zoned “neighborhood business” by Ordinance No. 380.272, a deviation neither material nor substantial under the rule in McGee v. City of Cocoa, supra. Lot 1, formerly zoned for multiple family residences, was to have become parking under the provisions of the notice; lot 1 was ultimately zoned for multiple family residences, so that there was no change whatsoever. The chancellor’s judgment was correct, then, as to Tract A and Lot 1, and therefore must be affirmed in this regard.
The same is not true concerning lots 2, 3 and 4. These parcels were formerly zoned as single family residence property. The notice requested that this be changed to classification P-1 parking. These lots are now classified 1B1 or multiple family residence. We are of the opinion that the deviation between the zoning requested by the notice and the zoning actually granted as to lots 2, 3 and 4 cannot be regarded as inconsequential. .Such a discrepancy cannot be justified under the rule of the McGee case; therefore, insofar as the judgment of the lower court relates to lots 2, 3 and 4, it must be and is hereby reversed.
We have examined appellants’ remaining contentions and find them to be without merit. Accordingly, the judgment is affirmed in part and reversed in part.