ANSTEAD, Judge.
This is an appeal by North Beach Medical Center from a final judgment denying its claim for relief in a zoning dispute. At issue is the sufficiency of the notice published in advance of zoning changes made by the city.
In 1971, the appellant selected a site in Fort Lauderdale to construct a medical complex. This complex was to consist of a hospital building, á medical office building, parking spaces for both buildings, and connecting facilities. In October of 1971, city authorities issued a letter advising the hospital that the proposed site was zoned R-4, Multiple Family District, and that a medical office building could be constructed there. At that time, R-4 zoning included hospitals and medical offices as permitted uses. The hospital purchased the site in December of 1971 and proceeded with its development.
In May of 1972 the hospital applied for a building permit and submitted to the city its plans for construction. The plans showed the site location and floor plans of the hospital building and office building, although the floor plans for the office building were not submitted in detail. No building permit was requested for construction of the office building at that time. Accordingly, the hospital received a permit limited to the construction of the hospital building, overall drainage and parking for both buildings, and a driveway and portico to connect the hospital building with the proposed office building.
While construction of the hospital building was underway, a notice was published in the Fort Lauderdale News on January 10, 1973,.of a hearing to be held by the Planning and Zoning Board on January 17, 1973, at which the following would be heard:
1. MULTIPLE FAMILY DISTRICTS
53-R-72
Proposed Revisions to conform to Manual of Uniform Zoning Standards to Broward County
The proposed revisions were actually for the purpose of removing incompatible uses from residential zones and also to bring *1108 terminology and other regulations in line with the Manual of Uniform Zoning Standards for Broward County. The revisions would remove, as permitted uses, schools, museums, philanthropic institutions, private hospitals, medical offices, dental offices, and religious institutions. As to the appellant, the effect of the revisions would be to delete medical office buildings as a permitted use and to only allow those hospitals operated by the public or church to operate as permitted uses. These revisions were approved by the zoning board on January 17, 1973.
On January 30,1973, and again on February 6, 1973, the following notice was published in the- Fort Lauderdale News of a public hearing to be held before the City Commission on February 20, at which time the commission was to consider proposals to
Amend Sections 47-10, 47-11, 47-13 and 47-14 of the Code of Ordinances relating to Multiple Family Districts to conform to Manual of Uniform Zoning Standards for Broward County.
The purpose of these amendments was to carry out the recommendations of the Planning and Zoning Board. At the February 20 meeting the City Commission approved the recomménded amendments.
In November of 1973, following completion of the hospital phase of its complex, a certificate of occupancy was issued to appellant for the hospital building. But when appellant applied for a building permit for the office building, the application was denied, based upon the zoning changes enacted on February 20. Appellant then requested a variance, citing its lack of knowledge of the zoning changes and the expenditures already made in anticipation of completing the complex, and the practicality of using the property for any other purpose. The request was denied and appellant subsequently filed a five (5) count complaint against the City of Fort Lauderdale and the Board of Adjustment of that city, contending, among other things, that the amendments were invalid because the city failed to provide adequate and proper notice of the proposed amendments.
Reasonable notice of proposed changes in zoning requires more than the publishing of the section or sections to be amended. A notice of hearing[1] pertaining to proposed changes in zoning laws must be reasonably sufficient to inform the public of the essence and scope of the proposed changes under consideration. Williams v. City of North Miami, 213 So.2d 5 (Fla.3d DCA 1968); McGee v. City of Cocoa, 168 So.2d 766 (Fla.2d DCA 1964); Glaspey & Sons, Inc. v. Conrad, 83 Wash.2d 707, 521 P.2d 1173 (1974); Anderson, American Law of Zoning 2d § 4.14 (1976). The essence of a notice, when sufficient in form and content, is its objective consequence upon the one who receives it, not the subjective attitude of the one who gives it. Knutzen v. Truck Ins. Exch., 199 Wash. 1, 90 P.2d 282 (1939). The notice must be clear and unambiguous and readily intelligible to the intended reader, the average citizen at large, who is presumed to lack the technical knowledge of a zoning expert. It is not enough that the notice convey to one well-versed in the law of zoning adequate information as to what changes the proposed ordinance would bring about. Federal Building and Development Corp. v. Town of Jamestown, 112 R.I. 478, 312 A.2d 586 (1973).
The revisions contemplated here were substantial. However, from an examination of the notices pertaining to the hearings before the planning and zoning board and the city commission, it would require a detailed investigation to discover what changes were contemplated. The notice merely notifies the reader of proposed “revisions or amendments” to code sections pertaining to multi-family districts for the purpose of conforming the city code to the uniform zoning standards of the county. Even if notice by cross-reference to other zoning documents is permissible, in this case *1109 informing the public that the essence of the change was to bring the code in line with the Manual of Uniform Zoning Standards of Broward County told the average citizen very little. Did this mean that substantial changes in the uses permitted were contemplated or merely that inconsequential, technical provisions were to be revised to conform with the county’s manual? The notice did not inform the interested public of the availability of copies of the proposed ordinance nor is there any indication in the record that the Manual of Uniform Zoning Standards of Broward County was an official document available to the average citizen, or in any event decipherable by them in determining what portions of the manual the city intended to follow.
Nowhere in the notices quoted, supra, is there even general reference to the deletion of formerly permitted uses in the R-4 zone. In short, there was no indication in the notice that the contemplated amendments would, if adopted, materially change the rights of those landowners within the zoning district affected. Under these circumstances we do not believe the notice provided here was adequate.
We have examined the other points raised by appellant and find them to be without merit. Since our conclusion is that the notice of the proposed amendment was insufficient, the judgment of the trial court is hereby reversed with directions for further proceedings consistent herewith.
DOWNEY, C. J., and BERANEK, J., concur.

. Both the Florida Statutes, Chapter 176, and the Ft. Lauderdale City Charter, Section 323, require notice of proposed zoning change.