HUSTON WYETH, *Plaintiff in Error,* v. WILLIAM J. WHITMAN AS CHIEF OF POLICE, *Defendant in Error.*

Opinion Filed June 29, 1916.

1. Municipalities are legal entities for local governmental purposes, and they can exercise only such authority as is conferred by express or implied provisions of law. The existence of authority to act cannot be assumed, but it should be made to appear.

2. Authority conferred upon a municipality by statute should not be extended beyond the fair import of the language used considered in connection with the general powers and purposes of the municipality. This rule of interpretation is particularly applicable when the asserted authority directly and

materially affects the rights of an owner to the use of his property.

3. Authority given the City of Miami by Chapter 7196 Acts of 1915, "to prescribe rules and regulations for the erection and repair of buildings," is in connection with and in aid of the power to fix fire limits in the city, and does not confer the power asserted in an ordinance of the city to provide that no dwelling &c. in the residential portion of the city shall be constructed so that the front porch, or if there be no porch, the front of the house, shall be closer than fifteen feet to the inner side of the sidewalk.

Writ of Error to Circuit Court, Dade County; H. P. Branning, Judge.

Judgment reversed.

*Rand & Kurtz,* for Plaintiff in Error;

*F. W. Cason,* for Defendant in Error.

WHITFIELD, J.—In habeas corpus proceedings before the Circuit Judge it appears that Wyeth was taken in custody for violating a city ordinance providing that within a prescribed area of the city no dwelling shall be constructed so that the front porch, or if there be no porch, the front of the house, shall be closer than fifteen feet to the inner side of the sidewalk.

The statute on which it is claimed the ordinance rests, is as follows: "The city council shall have the power to fix and establish a fire limit within said city, and to prescribe rules and regulations for the erection and repairs of buildings in said city." A writ of error was allowed and taken to the judgment remanding the petitioner to custody.

Municipalities are legal entities for local governmental purposes, and they can exercise only such authority as is conferred by express or implied provisions of law. The existence of authority to act cannot be assumed, but it should be made to appear. Malone v. City of Quincy, 66 Fla. 52, 62 South. Rep. 922; State *ex rel.* Worley v. Lewis, 55 Fla. 570, 46 South. Rep. 630.

Authority conferred upon a municipality by statute should not be extended beyond the fair import of the language used considered in connection with the general powers and purposes of the municipality. This rule of interpretation is particularly applicable when the asserted authority directly and materially affects the rights of an owner to the use of his property.

Authority given the municipality by the statute "to prescribe rules and regulations for the erection and repair of buildings," is in connection with and in aid of the power to fix fire limits in the city, and does not confer the power asserted in the ordinance to provide that no dwelling, etc., in the residential portion of the city shall be constructed so that the front porch, or if there be no porch, the front of the house, shall be closer than fifteen feet to the inner side of the sidewalk.

The judgment is reversed and the petitioner will be discharged.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL and ELLIS, JJ., concur.