STATE OF FLORIDA ON THE RELATION OF RETTA E. SHAD
AND SOLOMON S. SHAD, HER HUSBAND, *Plaintiff in Error*,
v. JOHN FOWLER, AS COMMISSIONER OF BUILDINGS OF THE
CITY OF JACKSONVILLE, A MUNICIPAL CORPORATION, *Defendant in Error*.

En Banc.

Opinion Filed July 17, 1925.

Petition for Rehearing Denied October 31, 1925.

1. The legislature may pursuant to Section 8, Article VIII of
   the Constitution, authorize a municipality to regulate the
   uses of property by its owner, when no other provision of
   organic law is thereby violated.

2. A municipal power clearly and duly conferred by statute,
   that reasonably restricts the uses of individual property for
   the general good, and that does not in effect unduly curtail
   the organic right to acquire, possess and protect property or
   invade property rights without due process or without affording
   equal protection of the laws, may be valid.

3. The courts will enforce a due exercise of municipal or police
   power, that is duly conferred and properly exerted, yet, a
   municipality is a governmental agency with limited powers,
   and where a particular power is not expressly conferred or
   cannot be fairly regarded as included in or implied from
   powers expressly conferred, the particular power should not
   be exerted; and the courts will not enforce doubtful municipal powers.

4. Municipal regulations curtailing the uses of real estate in
   defined zones of a city with reference to residence or business
   purposes may be enforced where they are expressly authorized; and questions of reasonableness not amounting to a
   violation of fundamental rights will not prevent enforcement
   when the particular power is definitely conferred and it is
   justly and fairly exerted.

5. Authority to materially curtail the uses of property under the general police power, when health, safety, morals, peace and comfort are not involved, will not ordinarily be inferred from general welfare powers conferred upon a municipality, particularly when kindred or similar powers are not expressly conferred and have not been customarily exercised pursuant to general powers relating to the public welfare.

6. No express authority having been given the municipality to pass an ordinance forbidding permits for the erection of a building "to be used for any purpose other than that of a residence, except," etc., the nature of the regulation contained in the ordinance does not warrant a judicial holding that power to pass the ordinance is included in or may fairly be inferred from the general welfare or other powers expressly conferred.

A Writ of Error to the Circuit Court for Duval County; George Couper Gibbs, Judge.

Reversed.

*P. L. Gaskins* and *John F. Hall* for Plaintiff in Error;

*Austin Miller, A. D. McNeill* and *J. W. Holland* for Defendant in Error.

WHITFIELD, J.—The owner of a lot within a prescribed residential district in the City of Jacksonville, Florida, by mandamus sought to compel the City authorities to issue a permit "to construct and erect a building" on relator's lot, *viz*, "a two-story building to be used as stores for the retail of groceries and merchandise on the ground floor thereof, and as flats or apartments for residential purposes of the second floor thereof," notwithstanding an ordinance of the City "That no permit shall be issued by the Commissioner of Buildings or any other person authorized to issue permits for the erection of buildings within the City of

Jacksonville for any building to be erected within the territory described in Section 1 of this ordinance which is to be used for any purpose other than that of a residence, except as is hereinafter provided. That after the passage and publication of this ordinance it shall be unlawful for any person or persons, firm or corporation to establish or engage in any grocery, meat, fruit or any other line of mercantile business of whatsoever kind or nature, within the boundaries of the territory designated in Section 1 of this ordinance, except as is hereinafter provided." Approved August 4, 1921.

On writ of error taken to a final order of January 26, 1923, quashing and dismissing the alternative writ of mandamus, the relator, property owner, contends:

"1. That there is no power delegated by the State of Florida, to the municipal corporation of Jacksonville under its Charter or by law, for the adoption of the ordinance.

"2. That the ordinance, by permitting a prohibited building to be erected in the prescribed territory when the consent and approval of neighboring property owners is obtained, constitutes an unlawful delegation of the legislative power of the municipality to individuals, and thereby invalidates the ordinance.

"3. That the ordinance undertakes to regulate a matter beyond the police power of the municipality, and violates the property rights of individuals guaranteed under the State and Federal Constitutions."

The organic law contains the following provisions:

"The legislature shall have power to establish and to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time. When any municipality shall be abolished, provision shall be made for the protection of its creditors." Sec. 8, Art. VIII, Constitution.

"All men are equal before the law, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing and protecting property, and pursuing happiness and obtaining safety." Sec. 1, Declaration of Rights.

"No person shall be subject to be twice put in jeopardy for the same offense, nor compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property without due process of law; nor shall private property be taken without just compensation." Sec. 12, Declaration of Rights.

"No State shall * * * deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." 14th Amend. Fed. Const.

The city has express charter powers "To make regulations to secure the general health of the inhabitants and to prevent and remove nuisances," "To provide for the cleaning and keeping in good sanitary condition any and all premises within the limits of the city." "To pass all ordinances necessary for the health, convenience and safety of the citizens."

There is nothing in the law or within the scope of general knowledge that makes a building in a residential section of a city a menace to health or a nuisance or an unsanitary object, because it is used "for the retail of groceries and merchandise" on the ground floor and for residential purposes on the upper floors.

While the legislature may, pursuant to Section 8, Article VIII of the Constitution, authorize a municipality to regulate the uses of property by its owner, when no other provision of organic law is thereby violated and while a municipal power clearly and duly conferred by statute, that reasonably restricts the uses of individual property for the general good, and that does not in effect unduly

curtail the organic right to acquire, possess and protect property or invade property rights without due process or without affording equal protection of the laws, may be valid, and while the courts will enforce a due exercise of municipal or police power, that is duly conferred and properly exerted, yet, a municipality is a governmental agency with limited powers, and where a particular power is not expressly conferred or cannot be fairly regarded as included in or implied from powers expressly conferred, the particular power should not be exerted; and the courts will not enforce doubtful municipal powers.

Municipal regulations curtailing the uses of real estate in defined zones of a city with reference to residence or business purposes, may be enforced where they are expressly authorized; and questions of reasonableness not amounting to a violation of fundamental rights will not prevent enforcement when the particular power is definitely conferred, and it is justly and fairly exerted. But authority to materially curtail the uses of property under the general police power, when health, safety, morals, peace and comfort are not involved, will not ordinarily be inferred from general welfare powers conferred upon a municipality, particularly when kindred or similar powers are not expressly conferred and have not been customarily exercised pursuant to general powers relating to the public welfare. This case is quite different from Porter v. Vinzant, 49 Fla. 213, 38 South. Rep. 607; Patterson v. Taylor, 51 Fla. 275, 40 South. Rep. 493; Thiesen v. McDavid, 34 Fla. 440, 16 South. Rep. 321; Taylor v. Roberts, 84 Fla. 654, 94 South. Rep. 974.

No express authority had been given the city to pass the ordinance here involved, and the nature of the regulation contained in the ordinance does not warrant a judicial holding that power to pass the ordinance is included in or may fairly be inferred from the general welfare or other

powers expressly conferred. See Wyeth v. Whitman, 72 Fla. 40, 72 South. Rep. 472; Curry v. Osborne, 76 Fla. 39.

It does not clearly appear that the city then had the power here sought to be exercised; and doubt as to the existence of the power, particularly in a case of this nature, should be resolved against the municipality, from which it results that the final order quashing and dismissing the alternative writ of mandamus should be and is reversed.

WEST, C. J., AND ELLIS, TERRELL AND BROWN, J. J., concur.

STRUM, J., disqualified.