A. W. HARZ, *Plaintiff in Error*, v. G. P. PAXTON, et al., *Defendant in Error*.

Division B.

Opinion filed February 7, 1929.

*Dickinson & Dickinson*, for Plaintiff in Error;

*DeCottes & Spencer*, for Defendant in Error.

TERRELL, C. J.—In this cause writ of error was taken from an order of the Circuit Court of Seminole County, granting the motion of Defendants in Error to quash the alternative writ of mandamus and dismissing the petition of Plaintiff in Error.

It is contended here that ordinance 152 of the City of Sanford, Florida, regulating the issuance of building permits prescribes no rule for the issuance of such permits but attempts to substitute a government by Boards and Commissions in lieu of a government by law, leaving the issuance of such permits subject to the arbitrary will of said Boards and Commissions, to be granted or refused subject to their whim and caprice.

The answer to this question is determined by deciding whether or not the City of Sanford had duly authorized the Defendants in Error to issue building permits and

whether or not they had arbitrarily and unreasonably denied the Plaintiff in Error a permit in the instant case.

We have examined the record and it appears that the City of Sanford is fully authorized to zone the city and to regulate by ordinance the issuance of building permits such as are here involved. When the ordinance in question and the action of the city officials pursuant thereto are considered with reference to the rules applicable to the exercise of the police power in the regulation of the erection of filling stations and public garages, the operation of which involve acts which are generally recognized as potential menaces to the public safety and health because of the storage and handling therein of highly inflammable and explosive substances, it does not appear that in denying the permit here sought the respondent city officials have acted arbitrarily or unreasonably. See State ex rel. Lane v. Fleming, 225 Pac. Rep. 647, 34 A. L. R. 500; A. G. Construction Co. v. Scott, 136 Atl. Rep. 207; Cayce v. Hopkinsville, 289 S. W. Rep. 223; State ex rel. Lieberman v. Van DeCarr, 199 U. S. 552, 50 L. Ed. 305; State v. Harrison, 114 So. R. 159. A different rule, however, might apply when buildings or businesses of innoxious character are involved. See State ex rel. Scotch Title Trust Co. v. Roberge, 278 U. S. ———, 73 L. Ed. 39, Dillon Munic. Corp. (5th Ed.) Sec. 598.

The order quashing the alternative writ and dismissing the petition is affirmed.

ELLIS AND BROWN, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.