In the Matter of the Application of WALTER H. CHURCH, Respondent, for a Mandamus Order against LEANDER A. BOUYEA, Mayor of the City of Plattsburg, and Others, Appellants.*

Third Department, January 8, 1936.

*Harry P. Kehoe, Corporation Counsel,* for the appellants.

*Patrick J. Tierney,* for the respondent.

BLISS, J. The petition for an alternative order of mandamus alleges the following facts:

---

* Revg. 156 Misc. 362.

The petitioner has an option to purchase and is entitled to the possession and control of certain premises located within the city of Plattsburg, but without the fire limits thereof, and the petitioner intends to install and operate a drive-in gasoline storage and sales station on these premises. There is no zoning ordinance affecting the premises. The petitioner made application to the chief engineer of the fire department of the city for a permit to install three storage tanks of 1,000 gallons capacity each and to sell gasoline on these premises. He is willing to abide by all of the regulations of the common council of the city in regard to such storage and sale of gasoline. The application for a permit was presented to the common council of the city for its consideration and the common council voted that " said application be turned down." After alleging certain facts descriptive of the premises and the section of the city in which they are located and the effect of such installation and business, the petitioner then alleges that the action of the common council was capricious, arbitrary, unreasonable and unfairly discriminatory. It also alleges that the chief engineer of the fire department, after the action by the common council, arbitrarily refused to grant the permit. Petitioner asked for and has been granted an alternative order of mandamus commanding the mayor and board of aldermen to approve the application for a permit and the chief engineer to issue the permit.

The defendants filed objections in point of law that the petition did not state facts sufficient to entitle the petitioner to the relief asked or to any relief by mandamus. These objections were overruled and dismissed, an alternative order granted and the defendants directed to make return thereto.

The petition also sets forth an ordinance of the city and an amendment thereto relating to the storage of gasoline within the city limits. The original ordinance was adopted on August 16, 1929. Section 1 thereof provides that no person, firm or corporation shall keep or store within the fire limits of the city gasoline in greater quantity than five gallons, unless in properly constructed underground tanks installed in a manner thereinafter set forth. Section 2 of the ordinance relates to storage outside of the fire limits and states that not to exceed five gallons may be kept within any building in a tightly closed container, and outside building storage may be had in properly constructed tanks of given capacities located at certain given distances from any building. This section also contained regulations as to the manner of installation of such tanks. Section 5 of the ordinance reads in part as follows:

" § 5. Permit. Any person, firm or corporation now handling or storing or proposing in the future to handle or store inflammable volatiles in excess of the quantity of five gallons, shall make written

application to the Chief of the Fire Department (or other designated official) and the Chief Engineer of Fire Department shall forthwith make an inspection of the premises used or proposed to be used, as the case may be, for such sale or storage, and the means of distribution, and if the conditions, surroundings and arrangements are such that the intent of this ordinance can be observed, then he shall issue a permit that such sale, storage, or distribution may be conducted and before any new installation is covered from sight, a notification in writing shall be given the Chief of the Fire Department, who shall, within forty-eight hours after the receipt of such notification, inspect the installation and give his written approval or disapproval."

On June 29, 1934, the common council enacted that section 5 be amended to read in part as follows: " That no written application made to the Chief Engineer of the Fire Department for the installation of a tank or tanks for the storage of inflammable volatiles, containing five hundred gallons or more, shall be approved by him until such application or applications shall have been presented to the Common Council for its consideration; furthermore, that no tank or tanks shall be erected or installed, until such time as the Underwriter's approval has been obtained and its label attached hereto."

This amendment may only be included in section 5 as an addition thereof as it does not eliminate or change any portion of the existing section.

Section 2 of the ordinance of 1929 does not specifically forbid outside storage of gasoline without the fire limits. Rather, it sets forth the conditions under which it may be kept. Nevertheless, the fair intendment of these two sections, 1 and 2, coupled with section 5 requiring the permits, was to prohibit such storage except under the required conditions and with the necessary permits. As originally enacted, section 5 required all persons proposing to store gasoline in excess of the quantity of five gallons to make written application to the chief engineer of the fire department who was to inspect the premises. If he found the conditions, surroundings and arrangements to be such that the intent of the ordinance could be observed, then he was directed to issue a permit that such storage might be conducted. The amendment to section 5 provided that no such written application made to the chief engineer of the fire department for the installation of tanks for the storage of inflammable volatiles, containing 500 gallons or more, should be approved by such official, until such application should have been presented to the common council for its consideration. Thus the council reserved the right to approve or disapprove applications for permits to store in quantities of 500 gallons or more. After it approved of such application then the chief engineer of the fire department might

make his investigation and determine whether the intent of the ordinance as to the proposed conditions of storage might be observed and grant or deny the application accordingly. The ordinance does not declare that the council shall be governed in its determination by the same conditions that control the fire chief or by any particular standards. The common council did not limit its own determination within the boundaries set for the chief engineer of the fire department. Apparently the extra hazard of storage in large quantities caused the council to reserve unto itself the unhampered right to approve or disapprove of such applications. As was said in *Matter of Larkin Co.* v. *Schwab* (242 N. Y. 330, 334): " The council, acting in its legislative capacity, had power to prohibit entirely the storage of gasoline in large tanks within the city limits, if in its opinion the danger and disadvantage arising therefrom outweighed the benefits which might be derived from permitting such storage. It decided to prohibit storage in tanks of over five hundred gallons capacity, except where consent was thereafter given in special cases. It might in the ordinance have provided that the dispensing power should be exercised in accordance with formulated standards; it preferred to make determination of whether consent should be granted in any special case, dependent upon the facts of that case. The council, acting in its legislative capacity, enacted that the dispensing power should be vested in the same body that enacted the statute. * * * The courts may not interfere with discretion as to when exception shall be made, nor formulate standards to be used in the exercise of that discretion; they may interfere only when it is clearly shown that refusal is based solely upon grounds which as matter of law may not control the discretion of the council. * * * Before mandamus order may issue, proof must be made that denial was based solely upon ground which may not affect even untrammeled discretion of the board." There are no such facts alleged in the petition here. Those facts which are alleged are such as the council might properly have taken into consideration in making its determination but are not such as would warrant the courts interfering with the legislative body of a municipality in the performance of a governmental function. (*Larkin Co.* v. *Schwab, supra.*)

The order should be reversed, with ten dollars costs, and the objections sustained and the petition dismissed, with fifty dollars costs.

RHODES and MCNAMEE, JJ., concur; HILL, P. J., and HEFFERNAN, J., dissent.

Order reversed on the law, with ten dollars costs and disbursements, and objections sustained and petition dismissed, with fifty dollars costs.