CITY OF MIAMI BEACH and JOHN H. LEVI, as Mayor of the City of Miami Beach, JOHN H. LEVI, as Chairman and as Member of the Miami Beach City Council, and BARON DEHIRSCH MEYER, R. W. RALSTON, WILLIAM BURBRIDGE, HARRY M. HICE, ARTHUR CHILDERS and VAL C. CLEARY, Composing and as Members of the City Council of the City of Miami Beach, and C. W. TOMLINSON, as City Clerk of Miami Beach, v. STATE *ex rel.* ALBERT ROSS.

193 So. 543

Division A

Opinion Filed January 16, 1940

Rehearing Denied February 23, 1940

*J. Harvey Robillard* and *V. B. Rutherford,* for Plaintiffs in Error;

*Benjamin Cohen,* for Defendant in Error.

PER CURIAM.—This is an appeal from a final order of

the Circuit Court for Dade County granting a peremptory writ of mandamus.

Defendant in error, Albert Ross, owns property in Miami Beach in what is known under the general zoning ordinance as the "BA" district. He applied to the proper authorities for permission to operate a retail bakery on his property. The permit was never granted, and he filed petition for writ of mandamus to compel the issuance of a permit to him for the operation of his bakery, alleging that he was directly under zoning ordinance No. 289. Certain officials of Miami Beach were made respondents and they filed their answer and motion to quash said petition, alleging that by virtue of Ordinance No. 522, Section 7 of Ordinance No. 289 had been amended and the City Council had discretionary authority to grant or deny the permit, and that the council was then investigating the advisability of granting said permit. Return of respondents was, on oral motion, stricken and peremptory writ issued, commanding respondents to issue said permit.

Ordinance No. 522 provides for the amendment of Section 7, Ordinance No. 289 by adding to the list of those businesses already allowed in the "BA" districts the following: "(4) Bakeries (Retail), only upon approval and permit by the City Council." Ross contends that this ordinance is invalid because it does not set up a rule of action within the bounds of which the council must act. He also alleges that by stipulation of counsel this was to be the only question presented to this Court. However, this does not appear of record, and plaintiffs in error raise many other points.

Chapter 9837, Special Acts of Florida, 1923, gives the City of Miami Beach authority to regulate and restrict the height, number of stories and size of buildings and other

structures, the percentage of lot that may be occupied, the size of yards, courts and other open spaces, the density of population and the regulation and use of buildings, structures and land for trade, industry, residence or other purposes, and grants powers to carry into effect such regulation and restriction. It is by virtue of this Act that the City enacted Ordinance No. 289, which is the general zoning ordinance of the City of Miami Beach. In the original ordinance, bakeries were put in those districts designated as "BC" districts. By an amendment to this ordinance, *supra,* retail bakeries were placed in a higher classification, the "BA" districts, with the provision that permits for operation should be issued only with the approval of the City Council. In the absence of any provisions governing the limits within which such discretion of the council shall operate, it is true that there would be a serious question as to the constitutionality of the ordinance for not setting up a rule of action, but Chapter 9837, *supra,* places definite bounds on the exercise of the police power beyond which the City Council cannot go, and Ordinance No. 289 organizes a board of administration to which appeals may be taken from the decisions of the administrative officers. Thus the absence of a rule of action in nowise affects the constitutionality of the section. See State *ex rel.* Shad v. Fowler, 90 Fla. 155, 105 Sou. 733; State *ex rel.* Skillman v. City of Miami, 101 Fla. 585, 134 Sou. 541.

Plaintiffs in error contend that while mandamus will lie to compel an administrative board to act, it will not lie to control the discretion. With this contention we heartily agree. In the case of State *ex rel.* Allen v. Rose, 123 Fla. 544, 167 Sou. 21, after laying down this rule, Mr. Justice BROWN, speaking for the Court, reviews most of the authority in this State in support of this principle. We need go no further into that subject here.

It is our opinion, therefore, that the judgment awarding peremptory writ should be reversed with direction that alternative writ be quashed without prejudice to Ross to file petition to compel the City Council to exercise its discretion.

It is so ordered.

TERRELL, C. J., WHITFIELD, BROWN and BUFORD, J. J., concur.

THOMAS, J., dissents.

Justice CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.