88 So.2d 524 (1956)
NORTH BAY VILLAGE, A MUNICIPAL CORPORATION, APPELLANT,
v.
T.J. BLACKWELL AND HARRIET G. BLACKWELL, HIS WIFE, AND W.H. WALKER, JR., AND ZOELLA WALKER, HIS WIFE, APPELLEES.
Supreme Court of Florida, Division A.
June 8, 1956.
Rehearing Denied July 19, 1956.
*525 Joseph A. Wanick, Miami Beach, for appellant.
Blackwell, Walker & Gray, Miami, for appellees.
THORNAL, Justice.
Appellant North Bay Village, a municipal corporation, which was defendant below, seeks reversal of a final decree declaring invalid an ordinance of the appellant municipality in a chancery proceeding instituted by the appellees, who were the plaintiffs below.
The only point for determination is the validity of a municipal zoning ordinance which reserves to the Village Council the authority to approve or disapprove the location of certain types of business without providing standards in the ordinance for the guidance and control of the council.
Pursuant to its charter powers, the municipality of North Bay Village adopted a zoning ordinance. The ordinance established certain business districts designated B-1, B-2 and B-3. Among the uses permitted in District B-3 were "Automobile service stations and gasoline and oil filling stations * * * subject to approval of location and site by action of Council".
Appellees applied for a building permit to construct a filling station on property districted as B-3. The application was referred to the council and the permit was denied. Appellees then filed a proceeding in chancery to have the ordinance declared invalid. They particularly assaulted that portion of the ordinance which provided that a permit to construct a filling station in District B-3 was "subject to approval of location and site by action of Council" on the ground that the ordinance delegated to the council the arbitrary power to grant or deny a permit without providing adequate standards for the guidance and control of the council in arriving at its decision on any particular application.
The Chancellor held invalid the quoted provision of the ordinance. Reversal of this decree is now sought by this appeal.
Appellant contends that on the basis of certain prior decisions of this court such authorizations in municipal ordinances are valid. In similar fashion, appellee relying on prior decisions of this court contends that the provision under attack is invalid.
If it were not for the fact that there is an apparent conflict in our prior decisions, we would be inclined to affirm the decree of the Chancellor on the basis of our opinion in Drexel v. City of Miami Beach, Fla. 1953, 64 So.2d 317. However, it does appear that the position of the appellant is supported by our opinions in Harz v. Paxton, 97 Fla. 154, 120 So. 3, and City of Miami Beach v. State, ex rel. Ross, 141 Fla. 407, 193 So. 543.
In order to settle the law on this subject in the interest of consistency and for the future guidance of the Bar as well as municipalities, *526 we deem it advisable therefore to state the position of the court unequivocally on the problem at hand. The development of zoning laws and zoning procedures in recent years had produced some of these inconsistencies in the decisions of various courts. This is so for the reason that in the early days of municipal zoning, there were those who doubted the authority of municipalities to exercise their police power to the extent of regulating the use of private property. Over a period of years there has been a gradual development of the rules governing municipal legislative bodies in the exercise of this power. As our cities grew and situations relating to sound zoning practices became almost daily problems of municipal government, it was only natural that some of the earlier conclusions of the courts would likewise develop to meet the requirements of changing circumstances and new conditions.
With reference to the problem before us there now seems to be little doubt that a zoning ordinance must prescribe definite standards for the guidance and control of the building inspector, the zoning officials and indeed the municipal council, when by the ordinance it reserves to itself various administrative zoning powers. An ordinance whereby the city council delegates to itself the arbitrary and unfettered authority to decide where and how a particular structure shall be built or where located without at the same time setting up reasonable standards which would be applicable alike to all property owners similarly conditioned, cannot be permitted to stand as a valid municipal enactment.
The rule is well stated in Yokley on Zoning Law and Practice, Vol. 1, Section 62, as follows:
"The general rule is that a zoning ordinance must prescribe definite standards and that neither the city council, the board of appeals created by ordinance or statute, nor the building inspector are properly vested with discretionary rights in granting building permits or variances in exception to the zoning ordinance unless there has been established a definite standard to guide them in the exercise of such powers."
The reasons for the rule are well discussed in our opinion in Drexel v. City of Miami Beach, Fla. 1953, 64 So.2d 317. It is unnecessary to review them here. However, in our opinion in the case last cited, we did not undertake specifically to recede from the rule announced in earlier cases on which the appellant relies. In disposing of the matter, therefore, we here hold that the case before us is controlled by the rule of the decision in Drexel v. City of Miami Beach, Fla. 1953, 64 So.2d 317. See also Phillips Petroleum Co. v. Anderson, Fla. 1954, 74 So.2d 544.
We hereby specifically recede from anything to the contrary appearing in Harz v. Paxton, 97 Fla. 154, 120 So. 3, and City of Miami Beach v. State ex rel. Ross, 141 Fla. 407, 193 So. 543.
For the reasons stated, the decree appealed from is 
Affirmed.
DREW, C.J., and TERRELL and HOBSON, JJ., concur.