THORNAL, Justice.
Relator, Corbett, seeks a writ of mandamus to compel approval of his application for licensing as a real estate salesman or otherwise accord to him his “constitutional rights” in the premises.
Our ultimate decision turns on relator’s entitlement to a hearing before the respondent Commission.
On January 6, 1967, relator filed his application for registration as a real estate salesman. Question 9 of the document reads: “Have you ever been arrested for, or charged with, the commission of a crime * * *?” Relator answered “Yes”. In supplying details he added: “Misdemeanor, 1962 City of Miami Case #86228 Assignation.” In response to further inquiry he stated that he was fined $150.00 and paid the fine. The offense was committed on January 18, 1962, five years prior to the application. On February 13, 1967, the respondent Commission denied the application with the view that it revealed on its face that the applicant was not “of good character” as required by Fla.Stat. § 475.17 (1965), F.S.A. They reached this conclusion without a hearing under the apparent authority of Fla.Stat. § 475.18 (1965), F.S.A.
*304 Thereafter there was an exchange of correspondence between the Commission and relator’s attorney. On May 23, 1967, the Commission directed a detailed investigation by its own staff. On June 12, 1967, on the basis of the file and the report of its own investigation, the Commission again denied the application. Prior to filing the instant mandamus proceeding relator requested an adversary hearing on his application. This was denied. The petition for mandamus followed.
The relator claims that he is entitled to an order directing the approval of his application. Alternatively, he alleges that he has been denied the privilege of an adversary hearing. He insists that he is entitled to one as a matter of organic due process.
Respondent Commission replies that he is not a person “of good character” and, therefore, he is not entitled to a hearing.
It should be recalled that the Commission grounded its denial on the basis of the application, the exhibits and the ex parte report of its own investigator. The applicant has been denied the opportunity to appear in person, to offer the testimony of witnesses in his own behalf, and to cross-examine under oath those whose statements have been used against him, including the Commission’s investigator, and those whom he interviewed. The relator has thereby been deprived of the bare essentials of due process.
If, in fact, the application revealed on its face that relator was not qualified to be licensed as a real estate salesman, then, indeed, his request could properly be denied without a hearing. This follows as a matter of law because relator must initially show that he is eligible before he can shift to the Commission the burden of demonstrating that he is ineligible. However, in the matter at hand, the claimed basis for denying the application without a hearing was the admission that five years before filing the application the relator was convicted of an offense in the Miami Municipal Court. Actually, in addition to the application, the Commission conducted an ex parte investigation, and, in part at least, relied on the information thereby obtained to support its judgment of denial.
Denial of a self-condemning application without a hearing is supported by the statute. Fla.Stat. § 475.18 (1965), F.S.A. However, when the Commission finds it necessary to conduct an investigation, as it did here, then under the same section an adversary hearing is required. It is seldom that an application will, on its face, reflect disqualification or ineligibility of the applicant. In the instant case it revealed conviction of a municipal offense five years before. Regardless of its impact as an index to relator’s character at that time, we cannot conclude as a matter of law that it would continue forever to exclude him from the ranks of an honorable profession. Certainly relator would be entitled to try to show rehabilitation or even mitigation, and when the Commission conducts its own investigation he should be permitted an adversary hearing under the statute.
In an analogous situation in our own discipline, we have held that a professional man is entitled to a hearing before being deprived of his license even though the regulatory agency is armed with a judgment of his prior conviction of a felony. The Florida Bar v. Fussell, 179 So.2d 852 (Fla.1965).
Our judgment here does not minimize the importance of the real estate profession in Florida. There are approximately 10,000 brokers and 25,000 salesmen registered by the respondent Commission. These are key people in the process of converting casual visitors to permanent residents. They are often the ones who point the way to industrial development and business expansion. They plan and build subdivisions and open new vistas for the investment of capital. Because of the vast public interest in the tremendous volume of *305 real estate transactions in Florida, we have recognized the essentiality of the respondent regulatory Commission. It is charged with the responsibility of protecting the public and the profession itself against brokers and salesmen who are morally or professionally unqualified. State ex rel. Davis v. Rose, 97 Fla. 710, 122 So. 225 (1929); Holland v. Florida Real Estate Commission, 130 Fla. 590, 178 So. 121 (1938). However, the importance of the agency and the activity regulated are all the more reasons that it should scrupulously observe due process requirements in administering the law under which it functions.
We wish to make it quite clear that we are not herewith directing approval of relator’s application. The initial decision on the merits must be made by respondent. Our judgment is not to be construed as any direct or implied indication of our view on the merits of the matter. The Legislature has provided that such responsibility must be initially discharged by the Commission. We would cross the line that separates appropriate judicial review from initial administrative quasi-judicial action if, at this point, we undertook to resolve the merits. Actually, we are not currently involved in an appellate review situation. The matter is before us to compel action, not review action. De Groot v. Sheffield, 95 So.2d 912 (Fla.1957); Solomon v. Sanitarians’ Registration Board, 155 So.2d 353 (Fla.1963). It is in this view that we regard mandamus to be an appropriate remedy to compel a hearing but not to prescribe the decision that should be reached following the hearing.
All that we do here is to direct the respondent Commission to allow a hearing and thereafter exercise its quasi-judicial discretion on the basis of the record there made. We do not here undertake to control that discretion or manage the ultimate judgment of the Commission. State ex rel. Allen v. Rose, 123 Fla. 544, 167 So. 21 (1936); City of Miami Beach v. State ex rel. Ross, 141 Fla. 407, 193 So. 543 (1940). We have no proper record before us for review because there has been no adversary hearing to produce such a record. Hence, there is nothing for us to review as an appellate court. De Groot v. Sheffield, supra; State ex rel. Florida Indus. Comm. v. Willis, 124 So.2d 48 (1st D.C.A.Fla.1960).
The respondent is directed to accord to relator an opportunity to be heard in support of his application and to confront and cross-examine under oath any witnesses against him. The Commission shall thereafter make its findings and judgment on the record there made. A formal peremptory writ of mandamus shall not issue unless it becomes necessary in order to enforce this decision.
It is so ordered.
CALDWELL, C. J., and ROBERTS, DREW and ERVIN, JJ., concur.