HENDRY, Judge.
The petitioner, Jan Karl, seeks a writ of certiorari directed to the Florida Real Estate Commission. On April 8, 1969 he filed his application for registration as a real estate salesman with the Commission. Therein, Karl disclosed his prior conviction of the crime of manslaughter, and admitted serving a prison sentence for that conviction. The Commission authorized respondent King to file an information seeking the denial of Karl’s application.
After proper notice and hearing, the Commission ultimately granted respondent King’s motion for a final order denying Karl’s application for registration as a real estate salesman with prejudice.
We have searched the record and conclude that the Commission accorded the petitioner all necessary and essential requirements of due process. The procedures set forth in Section 475.18, Fla.Stat., F.S.A. were accurately followed. The information filed in this cause permitted an adversary hearing, the purpose of which was to entitle Karl to have an opportunity to show rehabilitation or mitigation even *611 though his application disclosed proper grounds for denial.[1]
In the case of State ex rel. Corbett v. Churchwell, Fla.1968, 215 So.2d 302, the Supreme Court construed § 475.18, supra. Therein, the court set forth the following statement relating to an applicant’s right to demonstrate rehabilitation of character after having committed a criminal offense. The court said:
“Denial of a self-condemning application without a hearing is supported by the statute. Fla.Stat. § 475.18 (1965), F.S.A. However, when the Commission finds it necessary to conduct an investigation, as it did here, then under the same section an adversary hearing is required. It is seldom that an application will, on its face, reflect disqualification or ineligibility of the applicant. In the instant case it revealed conviction of a municipal offense five years before. Regardless of its impact as an index to relator’s character at that time, we cannot conclude as a matter of law that it would continue forever to exclude him from the ranks of an honorable profession. Certainly relator would be entitled to try to show rehabilitation or even mitigation, and when the Commission conducts its own investigation he should be permitted an adversary hearing under the statute.”
It appears to us that the denial of Karl’s application with prejudice was improper because a reasonable amount of time in which rehabilitation could have occurred had not elapsed since his discharge from parole on December 28, 1968.
In conclusion then, we cannot view the action of the Commission as having been “arbitrary and capricious”, § 475.-18(1), supra, so as to require a reversal of Commission’s decision. However, the entry of the denial with prejudice, thus precluding any future application by the petitioner despite any showing of rehabilitation which he may later be able to show to the Commission, should be quashed. Therefore, we will grant the petition for certiorari insofar as it denies with prejudice petitioner’s application; however, in all other respects, the petition for certiora-ri is denied.
Petition granted in part; denied in part.

. In § 475.17, Fla.Stat., F.S.A., the statute provides that an applicant may be denied registration if it shall be made to appear that he has been guilty of conduct or practices which would have been grounds for revoking or suspending his registration. In § 475.25, Fla.Stat., F.S.A., the statute provides grounds for revocation or suspension of a real estate broker’s registration. Among such grounds is confinement in a state prison. § 475.25(1) (e).