QUESTION:
Does Ch. 29438, 1953, Laws of Florida, as amended, creating the Indian Rocks Special Fire Control District, authorize said district to adopt and enforce fire prevention and fire safety codes and ordinances?
SUMMARY:
The Indian Rocks Special Fire Control District is not authorized by its enabling legislation, expressly or by necessary implication, to adopt and enforce fire prevention and fire safety codes and ordinances. However, the fire marshal of such district is an ex officio agent of the state fire marshal and may exercise all powers and duties applicable to such position under Ch. 633, F.S., and the duly promulgated state fire prevention codes or regulations.
It is a general rule that the police power of municipal corporations, as derived from the state, includes the power to enact such regulations as are necessary for the prevention of fires. Such power usually exists by reason of an express grant or a necessarily implied statutory or constitutional delegation. [See] 62 C.J.S. Municipal Corporations s. 254, p. 605; Lester v. City of St. Petersburg, 183 So.2d 589 (2 D.C.A. Fla., 1966), appeal dismissed, 190 So.2d 307 (Fla. 1966). If a particular power is not expressly conferred or cannot be fairly implied from powers expressly conferred, it should not be exercised. State v. Fowler,105 So. 733 (Fla. 1925); City of Pensacola v. Tillingim,46 So.2d 876 (Fla. 1950). General municipal powers in Florida are granted by Art. VIII, s. 2(b), State Const., and Ch. 166, F.S. Both provisions authorize municipalities to exercise broad governmental and corporate powers in conducting municipal functions, including the power to control and prevent fires. Cf. Nobles v. City of Jacksonville, 265 So.2d 550 (1 D.C.A. Fla., 1972), upholding a municipal bridge safety ordinance as an exercise of a municipality's governmental power to protect city residents from known dangers.
However, this office has previously ruled that the Municipal Home Rule Powers Act, Ch. 73-129, Laws of Florida, does not apply to special taxing districts, since such districts are not "municipalities" within the meaning of the act. Attorney General Opinion 073-442. This holding adheres to the long-settled principle that special taxing districts are not municipalities, but are statutory entities created for definitely restricted purposes. Attorney General Opinions 069-130, 073-261, 073-314, and 073-374. In AGO 073-374, it was stated that special taxing districts "possess only such powers as are expressly given, or necessarily implied because essential to carry into effect those powers expressly granted." State v. Smith, 35 So.2d 650 (Fla. 1948); Edgerton v. International Company, 89 So.2d 488 (Fla. 1956). The opinion went on to hold that a fire control district could borrow money to construct new buildings only in the manner expressly prescribed in the enabling act. In AGO 069-130, it was stated that fire control or protection districts possess only those powers expressly granted to them and that such powers should be interpreted narrowly and strictly. Accord: Attorney General Opinion 073-314, holding that an annexation ordinance of a fire control district was invalid since there was no power of annexation in the district's creating statute.
Against this background, therefore, it is necessary to examine the specific statutory provisions in issue here to determine whether the Indian Rocks Special Fire Control District may adopt and enforce fire prevention and fire safety codes and ordinances. In order to adopt and enforce such codes and ordinances, authority to do so must be expressly granted in the enabling act or necessarily implied from an express grant of authority.
In this regard, s. 1, Ch. 29438, 1953, Laws of Florida, creates the Indian Rocks Special Fire Control District (hereinafter referred to as district) as a "public municipal corporation." However, a single statutory reference to, or characterization of, a special taxing district as a public municipal corporation does not make it one or enlarge its lawful authority beyond that granted by the legislature. Attorney General Opinions 069-130 and 073-314. Chapter 29438 then enumerates the specific powers and duties which the district may perform in carrying out its purposes. Nowhere among those enumerated powers and duties is found the express authority to adopt and enforce fire prevention and fire safety codes and ordinances. Neither, in my opinion, do the express grants of power in the enabling act necessarily imply such authority. See AGO 073-374.
The particular provisions to which you refer are ss. 10, 11, and 12 of Ch. 29438, supra. Section 10 provides in pertinent part as follows:
"The said Board of Commissioners of the District . . . shall have authority to hire a Fire Marshal, one or more special deputies and one or more firemen to operate the fire fighting equipment, to inspect all property and check for fire hazards."
Section 11 provides in pertinent part as follows:
"The Board of Commissioners may adopt such rules and regulations as it may deem necessary in and about the transaction of its business and in carrying out the provisions of the Act."
Section 12 provides in pertinent part as follows:
"The Board of Commissioners of said District shall appoint a Fire Marshal who shall . . . be required to inspect all places of business, apartment houses, hotels, motels, and other buildings where large groups of people might congregate to see that they have the proper fire extinguishers and fire escapes. . . ."
These provisions contemplate the inspection of all property for fire hazards and certain buildings for proper fire extinguishers and fire escapes. This inspection function may be performed, as indicated below, in the absence of fire prevention and fire safety codes enacted by the district; such codes, therefore are not essential in carrying out the express inspection authority. In order to imply the power to enact and enforce such regulations, such implied power must be essential or indispensable to the declared objects and purposes of the district. See AGO 073-374. Moreover, even if it were assumed that enactment and enforcement of fire prevention and fire safety codes were necessarily implied from this inspection authority, there are no provisions in the act creating the machinery for the enforcement of such codes or empowering the district to impose any penalties to carry such regulations into effect. Section 11, as it relates to the enactment of rules and regulations by the district, refers only to the district's business and to carrying out provisions of the act, and does not create enforcement machinery or establish additional express grants of authority. See Lewis v. Florida State Board of Health, 143 So.2d 867 (1 D.C.A. Fla., 1962). If it were expressly provided that the district could adopt and enforce fire prevention and fire safety codes, then the "rules and regulations" provision might allow the district to promulgate such regulations under appropriate legislative safeguard and standards. In any case, the general authority to enact rules and regulations does not encompass the power to adopt and enforce ordinances exerting a particular police power. Lewis v. Florida State Board of Health, supra; cf. AGO 073-314. (The subsequent amendments of Ch. 29438, do not alter this conclusion. Ch. 67-1930, Laws of Florida; Ch. 59-1744, Laws of Florida.)
However, the absence in the enabling act of express or necessarily implied authority for the district to adopt and enforce fire prevention and fire safety codes and ordinances does not mean that the district is without some power to enforce duly promulgated state fire prevention codes or regulations. Chapter 633, F.S. 1971, delineates the powers and duties of the state insurance commissioner as state fire marshal, who is required to enforce all laws relating to seven categories that deal with fire and its prevention, s. 633.01, including the authority to inspect any and all buildings for fire hazards. Section 633.081. Section 633.121
provides that "[c]hiefs of fire departments (and mayors of municipalities having no organized fire departments) shall be ex officio agents of the state fire marshal. . . ." These "agents" (formerly called "deputies," prior to the Governmental Reorganization Act, Ch. 69-106, Laws of Florida) are authorized to exercise the powers of the state fire marshal, s. 633.13, and are empowered to "serve summonses, make arrests, carry firearms and make searches and seizures. . . ." Section 633.14. The state fire marshal is required to promulgate all regulations necessary to effectuate the enforcement of his powers and duties, ss. 633.05 and 633.051, such regulations having the same force and effect in each and every municipality as city ordinances. Section 633.15. The violation of any provision of Ch. 633 or any rule or regulation of the state fire marshal constitutes a misdemeanor. Section 633.171. The rules and regulations of the state fire marshal relating to fire prevention are found in Chs. 4A-3 through 4A-34, Florida Administrative Code.
It has been held in a previous opinion of this office that the chief of a county fire control district was included within the purview of s. 633.121, supra, and was, therefore, an ex officio agent of the state fire marshal with all applicable powers and duties. Attorney General Opinion 067-7. Since the fire control district there included residences and other buildings within its boundaries and consisted of "an organized group of fire fighters possessing at least basic fire-fighting equipment," it was held to be a "fire department" under s. 633.121. Similarly, Ch. 29438, supra, creating the Indian Rocks Special Fire Control District, authorizes the expenditure of funds for the purchase and operation of firefighting equipment, the salaries of firemen, and the inspection of all property within the district for fire hazards. Moreover, the district embraces four municipalities, as well as some unincorporated areas, and includes residences and commercial buildings within its boundaries. The enabling statute requires the district fire marshal to be experienced in all types of fire fighting. Thus, I am of the opinion that the Indian Rocks Special Fire Control District is also a fire department within the purview of s. 633.121 and that the chief (or fire marshal) of such district is an ex officio agent of the state fire marshal, with all powers and duties thereunto appertaining.