GRIMES, Judge.
This is a case involving essentially the same principles considered in The City of St. Petersburg v. Schweitzer, Fla.App. 1974, 297 So.2d 74. As in Schweitzer, the lower court entered a peremptory writ of mandamus directing the city and its Environmental Planning and Development Commission (hereafter called Commission) to approve appellees’ requested special exceptions to the zoning ordinance.
*79 In this case, appellees’ property straddled the Commercial-Low Density (C-LD) zone and the Residential-Commercial (R-C) zone. The appellees applied for special exceptions to allow an apartment house to be built within these zones. In neither zone was the proposed use set forth as a principal use. However, in both instances the applicable zoning provision listed such use as a special exception which the Commission “may permit” after public notice and hearing and “subject to appropriate conditions and safeguards.”
Following a hearing, the Commission rejected the appellees’ application for the special exceptions. The denial was affirmed by the City Council. Thereupon, appellees filed suit. Predicating his ruling on that of his fellow circuit judge in Schweitzer, the court granted summary judgment and issued a peremptory writ.
The record failed to reflect that the zoning ordinance contained any standards to guide the Commission in determining whether to grant or to deny the special exceptions. See Drexel v. City of Miami Beach, Fla.1953, 64 So.2d 317; North Bay Village v. Blackwell, Fla.1956, 88 So.2d 524. Counsel for the city asserts that since the burden is upon one who moves for summary judgment, the movant had the responsibility of introducing the entire zoning code so as to demonstrate that there were no such standards. Holl v. Talcott, Fla.1966, 191 So.2d 40. In view of our holding, we do not reach this contention.
Even if the ordinance contained no standards by which to guide the Commission in granting or denying special exceptions, the appellees were not entitled to a writ requiring the approval of the special exceptions because the right to an exception in the first place rested upon a valid delegation of authority to the Commission to grant the exception. See Schweitzer, supra. The logic of the ruling in Schweitzer is even more apparent in the instant case because the use in question was actually listed as a prohibited use in the C-LD zone in the following manner:

"Prohibited Uses and Structures, Sec. 112:

1. Dwelling units, except as provided under Accessory Uses and Special Exceptions.”
If the peremptory writ were to stand, the city would be required to issue a building permit for a use characterized as prohibited upon the theory that there were insufficient standards to guide the Commission in deciding whether to grant the special exception which is necessary for the permit.
The peremptory writ of mandamus is hereby quashed. We are not passing on the question of whether the special exception provisions of the zoning areas in question are valid because the entire zoning code is not a part of the record and the determination of that question is unnecessary to our decision.
McNULTY, Acting C. J., and BOARD-MAN, J., concur.